IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**PLUM CREEK MARKETING, INC.**                                                                **PLAINTIFF**

**VERSUS**                                                 **CIVIL ACTION NO. 2:11cv155KS-MTP**

**HAZELHURST LUMBER COMPANY, INC.**                                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss **[#5]** filed on behalf of the defendant, Hazelhurst Lumber Company, Inc. ("Hazelhurst").  The court, having reviewed the motion, the response, the briefs of counsel, the pleadings and exhibits on file, and being otherwise fully advised in the premises finds that the motion is not well taken and should be denied.  The court specifically finds as follows:

Hazlehurst has moved to dismiss the Complaint filed in this case pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure alleging that the court lacks subject matter jurisdiction by virtue of the allegation that the amount in controversy, exclusive of interest and costs is less than $75,000.00.  Specifically, Hazelhurst alleges that the plaintiff, Plum Creek Marketing, Inc. ("Plum Creek") filed this action on an open account seeking a specified sum or $73,829.71.  Plum Creek responds that it is also seeking statutorily allowed attorney fees which, when aggregated with the underlying demand, causes this controversy to exceed the jurisdictional threshold of $75,000.

A Rule 12(b)(1) motion attacks the court's jurisdiction to hear and to decide any issues in the case and therefore the court must address that at any time during the

pendency of the litigation that is asserted or even indeed upon its own motion. *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981). It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts.

In addressing most motions to dismiss based on the amount in controversy requirement, the court is usually faced with a situation where the plaintiff is seeking remand asserting that his claim is worth less than the jurisdictional threshold of this court. Only rarely is this mechanism used as a defensive tool. Nevertheless, the principles of jurisdiction remain unchanged. As a general rule "[u]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (quoting *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938)).

In the present case, there is no allegation that Plum Creek's claim is made in bad faith. To the contrary, Hazelhurst contends that Plum Creek should be limited to the exact amount sought in its demand for payment in this collection action on an open account. As stated previously, Plum Creek contends that it is also seeking statutorily allowed attorney fees and that such should be aggregated with the alleged unpaid debt to meet the jurisdictional threshold of this court. Indeed, attorney fees are generally included in determining whether the jurisdictional amount is satisfied. *See Foret v. Southern Farm Bureau Life Insurance Co.*, 918 F.2d 534, 537 (5th Cir. 1990) (citing *Graham v. Henegar*, 640 F.2d 732, 735 (5th Cir. 1981) and *Premier Indus. Corp. v. Texas Indus. Fastener Corp.*, 450 F.2d 444, 447 (5th Cir. 1971)).

Of course, as the party invoking the court's subject matter jurisdiction, Plum Creek must establish "the amount in controversy by a preponderance of the evidence." *Sun Life Assurance Co. of Canada (U.S.) v. Fairley*, 485 F. Supp. 2d 731, 734 (S.D. Miss. 2007) (citation omitted).  It is appropriate for this court to look to the underlying suit to determine if it is more likely than not that the jurisdictional minimum is met.  *See Hartford Ins. Group. v. Lou-Con, Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) ("district court properly measured the jurisdictional amount in controversy by the value of the underlying claim"); *Burlington Ins. Co. v. BAL Enters., LLC*, 2007 WL 4293191, at *2 (S.D. Miss. 2007) (looking to the amount claimants sought to recover in the underlying action); *Liberty Surplus Ins. Corp. v. Slick Willie's of Am.*, 2007 WL 1795860, at *4 (S.D. Tex. June 21, 2007) ("facially apparent from the underlying state-court petitions that the amount in controversy . . . will likely exceed $75,000"); *Nationwide Mutual Ins. Co. v. Lake Caroline, Inc.*, 2006 WL 2805140, *1 (S.D. Miss. 2006) (amount in controversy "may be determined by reference to the amount sought in state court").

It is "facially apparent" from a review of the Complaint that the amount in controversy in this action exceeds $75,000.  The Complaint seeks an unpaid principal balance of $73,829.71 plus attorney fees of 33 1/3% under Miss. Code Ann. § 11-53-81 for a total claim of $101,875.00.  The specific damages alleged in the underlying suit evidence that the value of the underlying claim "probably" exceeds $75,000.  *See Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (amount in controversy requirement is met if it is established that "claims probably exceed $75,000").

To refute the asserted jurisdictional argument by Plum Creek, Hazelhurst only argues that the Mississippi attorney fees statute provides for a "reasonable" attorney fee

and that such is subject to a proper evidentiary hearing to determine the appropriate amount. This argument has no merit under the facts of this case and the well-settled law. Plum Creek has made a clear showing that the amount in controversy more than likely exceeds the jurisdictional threshold of this court.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#5]** filed on behalf of Hazelhurst Lumber Company, Inc. is denied.

SO ORDERED AND ADJUDGED, this the 21st day of September, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE